## STATE v. HEWLIN.

(Filed February 26, 1901.)

1. SLANDER — *Incontinency* — *Innocent Woman* — *Bestiality* — *Indictment* — *Quashal* — *The Code. Sec. 1113*

Charging a woman with having had sexual intercourse with a male dog amounts to a charge of incontinency.

2. INDICTMENT — *Quashal* — *Discharge of Prisoner.*

Where an indictment of one against whom there is a well-grounded suspicion of crime is quashed, it is proper for the court to refuse his motion for discharge.

INDICTMENT against George Lee Hewlin, heard by Judge *Thos. A. McNeill* and a jury, at November Term, 1900, of BEAUFORT County Superior Court. From an order quashing the indictment the State appealed, and from a refusal of the court to then discharge the defendant, he appealed.

*Robert D. Gilmer,* Attorney-General, and *Small & McLean,* for the State.

No counsel for defendant.

COOK, J. The prisoner was indicted under sec. 1113 of The Code, charging him with having, in a wanton and malicious manner, attempted to destroy the reputation of one Maggie Waters, an innocent and virtuous woman, by words spoken and declared "that she, the said Maggie Waters, had had sexual intercourse with a male dog, and that he, the said George Lee Hewlin, saw the said intercourse, thereby intending to charge the said Maggie Waters with being an incontinent woman." The prisoner's counsel moved to quash the bill of indictment upon the grounds that it stated no violation of the criminal law of North Carolina. The Court

granted the motion to quash and the State excepted and appealed.   Thereupon prisoner's counsel moved for his discharge.   Motion denied and prisoner excepted.

The bill of indictment fails to show any defect upon its face.   It follows the statute and contains each and every averment material to the offence.   It charges that the attempt to destroy the reputation of an innocent woman was made wantonly and maliciously by words spoken, which amount to incontinency.   It recites the language charged to have been used, to-wit, that the prosecutrix "had had sexual intercourse with a male dog, and that he saw the intercourse."

It can not be successfully maintained that the bill is defective in that the intercourse was charged to have been had with a dog—bestiality—for that, "incontinency" is the actual illicit sexual intercourse.   *State v. Brown,* 100 N. C., 519; *State v. Moody,* 98 N. C., 671.   And it matters not with whom or whatsoever male it may have been accomplished. The simple fact that it occurred is within the purview of the statute, and would forever blast and ruin the reputation of the woman.   And it does not lie in the mouth of the prisoner to say that the language used charged an impossible act, and an impossible fact, and thus carry upon its face its own refutation after having said, as charged in the bill, that he saw the intercourse.   The charge therein made is of the highest, grossest and most vile character, and is fully covered by the statute.

The indictment should not have been quashed.

The exception to the order of the Court in overruling the motion for the prisoner's discharge is not sustained.   *State v. Griffice,* 74 N. C., 316.

There is error.   Let this be certified to the Superior Court of Beaufort County to the end that further proceedings may be had in conformity with this opinion and the law.

Error.